IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HALEY FISHER, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| SANA LAKE RECOVERY CENTER LLC, | |
| Defendant. | |

**VERIFIED COMPLAINT FOR DAMAGES**

COMES NOW, Haley Fisher ("Plaintiff" or "Ms. Fisher"), by and through her undersigned counsel, and files this, her Complaint, and shows the Court as follows:

**NATURE OF COMPLAINT**

1. Plaintiff brings this action for damages and reasonable attorney fees against Defendant Sana Lake Recovery Center LLC ("Defendant" or "Sana Lake") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, including the Pregnancy Discrimination Act ("Title VII"), the Pregnant Workers' Fairness Act ("PWFA"), and the Family and Medical Leave Act ("FMLA").

1

2. This action challenges Defendant's discriminatory and retaliatory conduct in subjecting Plaintiff to heightened scrutiny, a performance improvement plan, and surveillance after she disclosed her pregnancy; eliminating her position as Residential Program Director while she was on approved maternity leave; offering her a substantially inferior position at a significantly reduced salary; terminating her employment when she declined to accept a demotion; and refusing to reinstate her to her position upon the conclusion of her protected leave, all in violation of Title VII, the PWFA, and the FMLA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, including the Pregnancy Discrimination Act; the Pregnant Workers' Fairness Act; and the Family and Medical Leave Act. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which provides for jurisdiction in actions to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff was employed by Defendant and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this judicial district and division.

## ADMINISTRATIVE PROCEDURES

5. Plaintiff has fulfilled all conditions precedent necessary to proceed with this cause of action under Title VII and the PWFA. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), St. Louis District Office, on December 19, 2025, Charge Number 560-2026-00887, and received her Notice of Right to Sue on June 18, 2026.

## PARTIES

6. Plaintiff Haley Fisher is a citizen of the United States and a resident of Festus, Missouri. At all relevant times, Plaintiff was employed by Defendant from November 16, 2020, until her termination on October 6, 2025.

7. Defendant Sana Lake Recovery Center LLC is a limited liability company that owns and operates a substance use and mental health treatment facility located at 8350 State Route 30, Dittmer, Missouri 63023.

8. At all times relevant hereto, Defendant has been an employer engaged in an industry affecting commerce and has employed fifty (50) or more employees.

9.  Defendant may be served with process through delivering a copy of the summons and complaint to registered agent Rachel A Jeep at 222 S Central Ave Ste 1100 Saint Louis, MO 63105-3576.

## FACTUAL ALLEGATIONS

10. Plaintiff began her employment with Defendant on November 16, 2020, as an Assessment Therapist.

11. Plaintiff was promoted to Clinical Supervisor in or around June 2021, and thereafter promoted again to Residential Program Director on or around March 22, 2023.

12. As Residential Program Director, Plaintiff's responsibilities included managing clinical staff, overseeing provisionally licensed professional counselors and substance use counselors, ensuring compliance and facility safety, writing curriculum, and driving program outcomes. Plaintiff reported to the Chief Clinical Officer.

13. Throughout her employment, Plaintiff demonstrated exemplary performance, earning multiple promotions and salary increases. At the time of her termination, Plaintiff earned an annual salary of approximately $99,450.

14. In January 2025, Plaintiff disclosed to her supervisor that she was pregnant.

4

15. Following Plaintiff's pregnancy disclosure, Defendant subjected her to heightened scrutiny that had not previously been imposed and was not imposed on similarly situated non-pregnant employees, including monitoring her on-site presence through security cameras and key fob tracking to document her hours and on-site versus off-site status.

16. On April 23, 2025, Defendant issued Plaintiff a Performance Improvement Plan ("PIP"). The surveillance imposed on Plaintiff had not previously been imposed on her and was not imposed on similarly situated non-pregnant employees.

17. In June 2025, Defendant issued Plaintiff an additional Disciplinary Action Notice.

18. In or around July 2025, due to stress-related complications from her pregnancy, Plaintiff was placed on blood pressure medication and subsequently obtained intermittent FMLA leave to cover her pregnancy-related medical appointments.

19. Plaintiff's last day in the office was August 22, 2025. She gave birth by cesarean section on August 28, 2025.

20. Defendant approved Plaintiff's maternity leave beginning August 25, 2025. On or around September 24, 2025, Defendant notified Plaintiff by text message that further FMLA leave had been denied. After Plaintiff's physician contacted

Defendant, Defendant notified Plaintiff on or around September 26, 2025 that her FMLA leave was approved.

21. On September 29, 2025, while Plaintiff was on approved maternity leave following the birth of her child, Defendant's Executive Vice President of Workplace Environment contacted Plaintiff and informed her that her position as Residential Program Director was being eliminated effective September 30, 2025, as part of an "organizational restructuring."

22. Defendant offered Plaintiff a full-time Therapist position at a salary of approximately $80,000 per year, a reduction of nearly $20,000 from her salary as Residential Program Director, and gave her approximately twenty-four hours to decide whether to accept the demotion.

23. Plaintiff responded in writing, invoking her right under Defendant's FMLA policy to be "returned to the same or substantially equivalent job upon returning to work from FMLA leave" and characterizing Defendant's actions as "pregnancy discrimination."

24. Defendant extended the deadline for Plaintiff's decision to noon on October 6, 2025.

25. On October 3, 2025, Plaintiff followed up in writing on her "reports of pregnancy discrimination and retaliation," asking Defendant whether those complaints had been investigated or remediated.

26. On October 6, 2025, Defendant terminated Plaintiff's employment, effective 4:00 p.m. that day, when Plaintiff had not accepted the Therapist position by the stated deadline. Plaintiff was not medically cleared to return to work until November 24, 2025.

27. Following Plaintiff's termination, Defendant posted a position titled "Executive Director of Clinical Services" at its Dittmer, Missouri facility, with duties substantially identical to those Plaintiff had performed as Residential Program Director.

28. Although Defendant purports to provide a legitimate, non-discriminatory reason for eliminating Plaintiff's position, these stated reasons are pretextual.

29. Plaintiff's termination was causally connected to her pregnancy, her pregnancy-related medical leave, her FMLA-protected leave, and her protected complaints of pregnancy discrimination and retaliation.

30. Plaintiff was treated less favorably in the terms and conditions of her employment than similarly situated employees who were not pregnant and had not taken FMLA leave.

7

## CLAIMS FOR RELIEF

## COUNT I: PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE PREGNANCY DISCRIMINATION ACT

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff is a female who was pregnant during her employment with Defendant and is thus a member of a protected class under Title VII, as amended by the Pregnancy Discrimination Act.

33. Plaintiff was qualified for her position as Residential Program Director and consistently demonstrated the ability to perform the essential functions of her job, as evidenced by her promotions and salary increases throughout her tenure with Defendant.

34. Defendant subjected Plaintiff to adverse employment actions based on her pregnancy and sex, including imposing surveillance through camera and key fob monitoring, issuing a PIP, issuing a Disciplinary Action Notice, eliminating her position while she was on maternity leave, offering her a substantially inferior position at a significantly reduced salary, and ultimately terminating her employment.

35. Similarly situated non-pregnant employees were not subjected to the same surveillance or adverse employment actions.

36. Defendant's stated reasons for eliminating Plaintiff's position and terminating her employment are pretextual.

37. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered loss of income, loss of benefits, emotional distress, and other damages.

38. Defendant's actions were undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

39. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

40. Plaintiff engaged in protected activity under Title VII by making multiple reports to Defendant's Human Resources department identifying Defendant's conduct as pregnancy discrimination and retaliation related to her pregnancy and pregnancy-related medical needs.

41. Plaintiff further engaged in protected activity on September 30, 2025, when she protested in writing that Defendant's elimination of her position while she was

on maternity leave constituted pregnancy discrimination, and again on October 3, 2025, when she followed up in writing on her reports of pregnancy discrimination and retaliation.

42. After Plaintiff engaged in protected activity, Defendant escalated adverse actions against her, culminating in her termination on October 6, 2025.

43. Defendant's termination of Plaintiff's employment was causally connected to her protected complaints of pregnancy discrimination and retaliation.

44. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered economic and non-pecuniary damages.

45. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

## COUNT III: VIOLATION OF THE PREGNANT WORKERS' FAIRNESS ACT

46. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

47. Defendant is an employer covered by the Pregnant Workers' Fairness Act ("PWFA").

48. Plaintiff had known limitations related to her pregnancy, childbirth, and related medical conditions, including the need to attend pregnancy-related medical appointments and, later, to take maternity leave following a cesarean section.

49. Defendant failed to provide Plaintiff with reasonable accommodations for her known limitations related to pregnancy and childbirth. Instead of engaging in an interactive process to identify reasonable accommodations, Defendant subjected Plaintiff to surveillance, discipline, and ultimately eliminated her position while she was on approved maternity leave.

50. Defendant's conduct, including denying Plaintiff reinstatement to her position upon the conclusion of her protected leave and terminating her employment in lieu of accommodating her return, constitutes a violation of the PWFA.

51. As a direct and proximate result of Defendant's violations of the PWFA, Plaintiff has suffered loss of income, loss of benefits, emotional distress, and other damages.

52. Defendant's actions were undertaken with malice or reckless indifference to Plaintiff's rights under the PWFA, entitling Plaintiff to punitive damages.

## COUNT IV: INTERFERENCE WITH AND RETALIATION FOR EXERCISE OF RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT

53. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

54. At all relevant times, Defendant was an employer subject to the Family and Medical Leave Act ("FMLA").

55. Plaintiff was eligible for FMLA leave and exercised her right to take FMLA-protected leave in connection with her pregnancy and the birth of her child.

56. Defendant interfered with Plaintiff's exercise of her FMLA rights by eliminating her position as Residential Program Director while she was on approved FMLA-protected maternity leave, offering her a substantially inferior position at a reduced salary, and refusing to restore her to the same or a substantially equivalent position upon the conclusion of her leave.

57. Defendant retaliated against Plaintiff for exercising her FMLA rights by terminating her employment when she invoked her right to be returned to her position consistent with the FMLA.

58. Plaintiff suffered adverse employment action as a result of Defendant's interference with and retaliation for her exercise of FMLA rights.

59. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered loss of wages, loss of benefits, and other economic damages.

60. Defendant's violations of the FMLA were willful, entitling Plaintiff to liquidated damages.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff Haley Fisher respectfully prays for judgment against Defendant as follows:

(a) A trial by jury as to all triable issues of fact;

(b) Back pay, front pay, and other compensatory damages for lost wages and benefits from October 6, 2025, through the date of judgment;

(c) General damages for mental and emotional suffering caused by Defendant's discriminatory and retaliatory conduct;

(d) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts in violation of Plaintiff's rights under Title VII and the PWFA;

(e) Liquidated damages pursuant to the FMLA based on Defendant's willful violations;

(f) Declaratory relief establishing that Defendant violated Plaintiff's rights under Title VII, the Pregnant Workers' Fairness Act, and the Family and Medical Leave Act;

(g) Injunctive relief ordering Plaintiff's reinstatement to her former position, or front pay in lieu thereof, and prohibiting Defendant from engaging in further discriminatory or retaliatory conduct;

(h) Reasonable attorney's fees and expenses of litigation;

(i) Prejudgment and post-judgment interest at the maximum rate allowed by law;

(j) All costs of this action; and

(k) Such other and further relief as this Court deems just and proper.

 Respectfully submitted this 21st day of July, 2026.

**BARRETT & FARAHANY**

s/ *Alan G. Crone*

Alan G. Crone
Missouri Bar No. 73285

*Counsel for Plaintiff Haley Fisher*

2921 Piedmont Road
Atlanta, GA 30305
(901) 737-7740
(404) 541-4772
acrone@justiceatwork.com

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HALEY FISHER,<br><br>    Plaintiff,<br><br>v.<br><br>SANA LAKE RECOVERY CENTER<br>LLC,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## DECLARATION AND VERIFICATION

I, **Haley Fisher**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

Haley Fisher (Jul 21, 2026 14:26:09 CDT)
_____

Date: 07/21/2026 _____

15